IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOEL PATRICK MOYERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv641-WKW |
| ) | (WO) |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on petition for writ of habeas corpus under 28 U.S.C. § 2254 filed through counsel on behalf of Joel Patrick Moyers. Moyers was convicted of capital murder in May 2015 after a trial in the Circuit Court of Limestone County, Alabama, and was sentenced to life in prison without the possibility of parole. He appealed to the Alabama Court of Criminal Appeals. While his appeal was pending, he died in the custody of the Alabama Department of Corrections. In this § 2254 petition, Moyers' counsel argues that the state courts denied Moyers' federal due process rights by denying his motion to abate *ab initio* his conviction and sentence.

**DISCUSSION**

This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *See* 28 U.S.C. § 2241(d). Moyers, through counsel, attacks a conviction and sentence entered by the Circuit Court of Limestone County, Alabama. Limestone County is located within the jurisdiction of the United

States District Court for the Northern District of Alabama.  Consequently, this court concludes that transfer of this case to such other court for hearing and determination is appropriate.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 29, 2016.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

---

[1] This court takes no position on whether 28 U.S.C. § 2254's "in custody" requirement is satisfied in this case. However, it notes that a federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petitioner must be "in custody" under the conviction or sentence the petition attacks at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); s*ee also Hawkins v. Pliler*, 2007 WL 4374212, at *1 (E.D. Cal. Dec. 14, 2007), report and recommendation adopted, 2008 WL 110893 (E.D. Cal. Jan. 8, 2008) (recommending dismissal of § 2254 petition where petitioner died during pendency of habeas proceedings, reasoning that "[b]ecause petitioner is now deceased, he is no longer 'in custody' and cannot challenge his conviction, and the petition is moot.").

3

*See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, on this the 15th day of August, 2016.

                                         /s/ Susan Russ Walker
                                         Susan Russ Walker
                                         Chief United States Magistrate Judge